**Opinion issued February 25, 2020**



**In The**

# Court of Appeals

**For The**

# First District of Texas

——————————

**NO. 01-20-00017-CR**

——————————

**ROBERT LEE HICKS, Appellant**

**V.**

**STATE OF TEXAS, Appellee**

---

**On Appeal from the 228th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1327680**

---

**MEMORANDUM OPINION**

On July 16, 2012, appellant, Robert Lee Hicks, was convicted of possession of a controlled substance and sentenced to 20 years in prison (trial court cause number 1327680). Appellant appealed his conviction and we issued an opinion

affirming the conviction on January 7, 2014. *See Hicks v. State*, No. 01-12-00641-CR, 2014 WL 50808 (Tex. App.—Houston [1st Dist.] Jan. 7, 2014, pet. ref'd (mem. op., not designated for publication). The Court of Criminal Appeals refused appellant's petition for discretionary review on April 30, 2014 and our mandate issued on May 30, 2014.

On December 12, 2019, appellant filed a notice of appeal with the trial court, arguing that he is appealing the denial of his nunc pro tunc.[1] On January 29, 2020, appellant filed a motion to dismiss his underlying conviction, raising issues with his underlying conviction.

The relief sought by appellant can only be granted by a post-conviction writ of habeas corpus. Only the Texas Court of Criminal Appeals has jurisdiction to grant such relief in final post-conviction felony proceedings, which are governed by Article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. 11.07; *Olivo v. State*, 918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996); *Bd. Of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. (Tex. Crim. App. 1995). Because appellant's conviction became final on May 30, 2014, this is a final post-felony conviction proceeding and we have no jurisdiction over the appeal. *See Medina v. State*, No. 01-14-

---

[1] On September 16, 2019, appellant filed a petition for writ of mandamus requesting that we compel the trial court to rule on his motion for nunc pro tunc. We denied the petition on November 14, 2019. *See In re Hicks*, No. 01-19-00690-CR, 2019 WL 5996617 (Tex. App.—Houston [1st Dist.] Nov. 14, 2019, orig. proceeding).

2

00117-CR, 2014 WL 1494304, at *1–2 (Tex. App.—Houston [1st Dist.] Apr. 15, 2014, no pet.) (mem. op., not designated for publication) (dismissing appeals of final post-judgment felony proceedings for lack of jurisdiction).

Accordingly, we dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Landau and Hightower.

3